CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 21 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALETA JO PRECKAJLO, ) | |
| ) | Civil Action No. 7:12CV00173 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for disabled widow's insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 402(e). Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing entitlement to benefits. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Aleta Jo Preckajlo, was born on November 20, 1956, and eventually reached the twelfth grade in school. Plaintiff has worked as a vehicle flagger and escort vehicle driver. She last worked on a regular basis in 2003. On March 24, 2008, Mrs. Preckajlo filed an application for disabled widow's insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on May 1, 2003 due to problems in her back, neck, and legs; high blood pressure, and restless leg syndrome. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that, in order to qualify for disabled widow's insurance

benefits, Mrs. Preckajlo must establish that she became disabled at some point between her alleged disability onset date and May 31, 2012, the end of the seventh year following the month in which her husband died. See 42 U.S.C. § 402(e)(4); 20 C.F.R. § 404.335(c).

Mrs. Preckajlo's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 28, 2010, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Preckajlo experiences severe impairments on the bases of degenerative disc disease of the lumbosacral and cervical spine; facet joint arthrosis from L2-S1; chronic ischemic heart disease; aortic aneurysm; and chronic obstructive pulmonary disease. Because of these impairments, the Law Judge ruled that plaintiff is disabled for her past relevant work roles. However, the Law Judge determined that Mrs. Preckajlo retains sufficient functional capacity to perform a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a limited range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can sit, stand, or walk for two hours at a time without interruption; can sit for six hours in an eight-hour work day; can stand and walk for three hours each (for a combined total of six hours) in an eight-hour workday; can never reach overhead; can occasionally reach elsewhere, handle, finger, feel, and push/pull; can frequently operate foot controls; can occasionally climb stairs and ramps, balance, stoop, kneel, and crouch; can never crawl or climb ladders or scaffolds; can never be exposed to unprotected heights, dust, odors, fumes, and pulmonary irritants; can occasionally be exposed to moving mechanical parts, operating a motor vehicle, vibrations, humidity and wetness, and extreme cold and/or heat; can tolerate moderate noise; and will be off-task up to 10 times per hour for eight to 10 seconds each time.

(TR 17). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mrs. Preckajlo retained sufficient functional capacity to perform several specific light work roles

2

existing in significant number in the national economy at all relevant times. Accordingly, the Law Judge ultimately concluded that Mrs. Preckajlo was not disabled, and that she is not entitled to disabled widow's insurance benefits. See gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Preckajlo has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As noted by the Administrative Law Judge, Mrs. Preckajlo suffers from a variety of physical difficulties. However, it is clear that her musculoskeletal problems, including degenerative disc disease of the lumbosacral and cervical spine and facet joint arthrosis, carry the most significant work-related implications. Plaintiff's treating physician, Dr. James M. Lovelace, who is a board certified orthopaedic surgeon, has submitted a number of reports which indicate that Mrs. Preckajlo is severely impaired. On October 19, 2009, Dr. Lovelace completed a medical assessment of plaintiff's physical ability for work-

3

related activities. (TR 434-36). As confirmed by the vocational expert at the administrative hearing, Dr. Lovelace's findings as to plaintiff's residual functional capacity indicate that she is limited to sedentary levels of work. (TR 41-42). Considering Dr. Lovelace's assessment, the vocational expert opined that Mrs. Preckajlo is totally disabled.[1] (TR 43). The Administrative Law Judge determined not to credit Dr. Lovelace's findings, and relied instead on a medical source statement of physical ability to do work-related activities completed by Dr. Ward W. Stevens, a board certified neurosurgeon. It is undisputed that Dr. Stevens has neither treated nor examined Mrs. Preckajlo. The vocational expert interpreted Dr. Stevens' findings as indicative of residual functional capacity for a limited range of light exertion. (TR 43-44). When asked to consider the work-related limitations identified by Dr. Stevens, the vocational expert opined that plaintiff could be expected to perform several specific light work roles. (TR 58-59). Relying on the report from Dr. Stevens, as interpreted by the vocational expert, the Administrative Law Judge ultimately concluded that Mrs. Preckajlo is not disabled. However, the court believes that the Administrative Law Judge's assessment is inconsistent with the administrative regulations, the applicable caselaw, and the specific facts of plaintiff's case.

The medical record reveals that Dr. Lovelace has treated Mrs. Preckajlo at least since December of 2003. (TR 263). The record documents multiple clinical examinations. In the course of his treatment, Dr. Lovelace has ordered and considered x-ray studies. Over the years, his working diagnosis has progressed from mild degenerative change to lumbar disc disease and cervical disc disease by radiographic reports. (TR 435). Based on the objective studies and his own clinical

---

[1] The court notes that, assuming a residual functional capacity for no more than sedentary exertion, the medical vocational guidelines also direct a determination of disabled in plaintiff's case. See Rules 201.12 and 201.14 of Appendix 2 to Subpart P of the Administrative Regulations Part 404.

4

examination and observation, Dr. Lovelace opined in his medical assessment of October 19, 2009 that Mrs. Preckajlo is limited to sedentary exertion, though with some standing and walking, and that she may miss work "about three times a month" because of her symptomatology. (TR 434-36).

In contrast, Dr. Stevens has not treated Mrs. Preckajlo. There is no indication that Dr. Stevens has seen plaintiff on any occasion. His consideration of plaintiff's case was based on a review of the medical records. Dr. Stevens did not offer any narrative evaluation or description of plaintiff's condition. Instead, his input was limited to checking boxes on an assessment form provided by the Social Security Administration. While Dr. Stevens opined that plaintiff does not suffer from any impairments which meet or equal a listed impairment under Appendix 1 to Subpart P of the Administrative Regulations Part 404, he did not suggest in his assessment that Mrs. Preckajlo can actually perform a light job on a regular and sustained basis.[2]

It is well settled that, while not controlling or binding upon the Commissioner, the reports and opinions from treating physicians should be accorded greater weight in a disability evaluation than those of non-examining physicians, unless the treating physician's reports are bereft of any additional supporting evidence. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992); Campbell v. Bowen, 800 F.2d 1247, 1250 (4th Cir. 1986). This same principle is embodied in the governing administrative regulations. Under 20 C.F.R. § 404.1527(d)(1), it is explicitly provided that, generally, more weight will be given to the opinion of a medical source who has actually examined the claimant. Moreover, 20 C.F.R. § 404.1527(d)(2) directs that, generally, more weight is given to the opinions from treating sources, since such professionals are more likely to provide a detailed,

---

[2] In fairness, Dr. Stevens did suggest that plaintiff could perform a variety of activities on a regular and sustained basis. As noted above, it was the vocational expert who opined that, given such capacity, plaintiff could engage in several specific light work roles.

5

longitudinal picture of the claimant's medical impairments and limitations. Finally, under 20 C.F.R. § 404.1527(d)(5), it is noted that more weight is accorded to the opinion of a specialist about medical issues related to the area of speciality.

In the instant case, it is clear that Dr. Lovelace qualifies as a treating physician. Dr. Lovelace has seen and examined Mrs. Preckajlo on numerous occasions, and he has ordered objective studies to assist in the diagnosis of her condition. Indeed, Dr. Lovelace arranged for several of the roentgenographic studies which Dr. Stevens considered in his evaluation. In such circumstances, the court does not believe that the Law Judge's reliance on the report from non-examining medical sources can be deemed to be supported by substantial evidence.

In his opinion, the Administrative Law Judge addressed the conflicts in the medical record as follows:

> I have considered the assessments discussed above. Unlike the other opinion-providing doctors, Dr. Lovelace did not have the benefit of reviewing the other medical reports contained in the record. Additionally, the course of treatment pursued by Dr. Lovelace (pain medication and recommendations for a walking program) has not been consistent with what one would expect if the claimant were truly disabled. Further, the doctor's own treatment notes fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness. Because of these factors, I accord Dr. Lovelace's opinion little weight.

(TR 23). The court finds that many of the Law Judge's observations and conclusions simply are not supported by the evidence of record. Other than for the reports of the non-examining physicians, it appears to the court that Dr. Lovelace did have access to almost all of the medical evidence developed in conjunction with the diagnosis and treatment of Mrs. Preckajlo's musculoskeletal disorders. Indeed, as noted above, Dr. Lovelace explicitly relied on x-ray studies in assessing the functional limitations caused by plaintiff's disc disease. (TR 435). Moreover, despite the Law

Judge's suggestions to the contrary, the medical record indicates that Dr. Lovelace prescribed rigorous treatment measures, including regular use of narcotic painkillers. In this context, the court notes that Dr. Sam Koja, a treating, board certified neurosurgeon, also diagnosed degenerative disc disease based on MRI studies, and prescribed aggressive treatment measures, including cervical traction and possible epidural steroid injection. (TR 488-89).

More fundamentally, the court believes that the Administrative Law Judge simply misread Dr. Lovelace's reports and physical assessment. In his opinion, the Law Judge discredits Dr. Lovelace's report because he believes that the physician's course of treatment and clinical findings are not such as the Law Judge feels would be present if the claimant "were in fact disabled." (TR 23). The simple fact is that Dr. Lovelace did not opine that Mrs. Preckajlo is totally disabled. Indeed, under Dr. Lovelace's assessment, plaintiff could be expected to perform all of the functions of sedentary work activity, with some capacity for standing and walking. It was the vocational expert who opined that plaintiff would be disabled under Dr. Lovelace's findings, given her rate of absenteeism. Absent this factor, the vocational expert clearly testified that Dr. Lovelace's physical assessment stood for the proposition that Mrs. Preckajlo can engage in sedentary work. (TR 42). The Law Judge overlooked the fact that, given a residual functional capacity for no more than sedentary work, and based on her age, education, and lack of transferable work skills, the medical vocational guidelines direct a determination of disabled in plaintiff's case. See Rules 201.12 and 201.14 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. In the court's opinion, it is the operation of this administrative rule, rather than the opinion of Dr. Lovelace, that establishes that Mrs. Preckajlo is disabled within the meaning of the Act.

Given Dr. Lovelace's finding of residual functional capacity for no more than sedentary levels of exertion, which the court believes is consistent with the evaluations and assessments of all the other physicians who actually examined the plaintiff and assessed the severity of her musculoskeletal disease, and based on the operation of the medical vocational guidelines, the court concludes that plaintiff has met the burden in establishing total disability for all forms of substantial gainful employment. Based on the circumstances and evidence as developed in this particular case, the court finds no basis for overturning the preference established under the administrative regulations for opinions and assessments provided by a physician who actually saw and treated the plaintiff over a substantial period of time.

In passing, the court notes that if the Commissioner had reason to doubt the accuracy or consistency of the physical assessment provided by Dr. Lovelace, the Commissioner had full authority to require Mrs. Preckajlo to appear for a consultative evaluation by an independent medical specialist designated by the state agency. See 20 C.F.R. §§ 404.1517 and 404.1518. No such consultative examination was commissioned by the state disability agency, and, as it now stands, the finding of residual functional capacity for no more than sedentary levels of exertion is essentially undisputed by any examining or treating source. Inasmuch as the medical vocational guidelines direct a determination of disabled upon a showing of incapacity for anything more than sedentary levels of exertion, the court concludes that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must be denied. Upon the finding that the plaintiff has met the burden of proof as prescribed by and

pursuant to the Act, judgment will be entered for plaintiff. The final decision of the Commissioner will be reversed and the case recommitted to the Commissioner for computation and award of appropriate benefits. A judgment and order in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This \_\_21st\_\_ day of December, 2012.

_____
Chief United States District Judge